HENRY NUNN V. HOME INSURANCE CO.

[FILED DECEMBER 23, 1890.]

1. **Replevin:** DEMAND OF PROPERTY: REFUSAL. Where the plaintiff has delivered property to defendant, and defendant merely detains it, it is necessary that the plaintiff first make demand for it to maintain replevin; and in such case, a refusal, in order to excuse defendant, must be a qualified refusal based upon reasonable grounds; it must not be absolute, otherwise it will be conversion, unless there is established an adverse right to immediate possession. (*Cole v. W. S. L. & P. Ry. Co.*, 21 Mo. App. Rep., 443.)

2. ———: ———: ———. A refusal, qualified by a sole ground other than that relied upon at the trial, and in this court on error, *held*, equivalent to an absolute and unqualified refusal.

ERROR to the district court for Howard county. Tried below before HARRISON, J.

*Henry Nunn*, and *Paul & Templin*, for plaintiff in error.

*Darnall, Babcock & Kendall, contra.*

COBB, CH. J.

This was an action of replevin brought before a justice of the peace of Howard county by the Home Insurance Company, of New York, defendant in error, against Henry Nunn, plaintiff in error. The property replevied consisted of two registers of Home Insurance Company; fifty signed blank fire policies of Home Insurance Company; twenty-five signed blank fire policies, Home Insurance Company; twenty-five signed blank farm policies of Home Insurance Company; fifty signed blank renewals of Home Insurance Company; one hundred daily reports, Home Insurance Company; fifty monthly reports, Home Insurance Company; two hundred envelopes, printed ad-

dress, To Home Insurance Company; one commission and frame, two glass signs, Home Insurance Company; one tin sign, Home Insurance Company; one wood sign, Home Insurance Company, of the value of $100. ·

There is no record here of the case in the justice's court; but we are informed by the brief of counsel that there was a finding and judgment in that court for the plaintiff, and that there was an appeal to the district court. The above list of property is taken from the transcript of the pleadings in the district court. In that court there was a trial to the court, a jury being waived by the parties. There was a finding and judgment for the plaintiff.

The defendant, upon error, makes the following assignments:

1. The court erred in finding the defendant herein to be the owner of and entitled to the immediate possession of the property.

2. The findings, judgment, and decision of said court are not sustained by and are contrary to the evidence.

3. The findings, decision, and judgment are contrary to the law of the case, and contrary to the statutes of Nebraska.

4. The court erred in overruling the motion of the plaintiff herein for a new trial.

It appears from the evidence that the plaintiff in error was, some time in or about the year 1880, by H. E. Palmer, general agent of the Home Insurance Company of New York, appointed local agent of that company; that he gave a bond as required by the general rules and regulations of the company, which was forwarded to the general office of the company at New York, and that either in the month of April or May, 1887, Mr. Nunn was by the same authority removed as such local agent and his successor appointed; that at or about the time of such removal and appointment of his successor, demand was made of Mr. Nunn by H. E. Palmer, as general agent of the defendant

in error, for the above enumerated articles as the property of said Home Insurance Company; that Mr. Nunn refused to deliver the said property unless or until his bond should be returned and delivered back to him.

It further appears that there was, for the year 1886, in the county of Howard, the county of the residence and local agency of the plaintiff in error, assessed for taxation against the Home Insurance Company of New York the valuation of $470.90, against which there were assessed taxes to the amount of $19.30, which were paid by H. E. Palmer on the 24th day of May, 1887. The above valuation was of premiums received in the said county by said company in the year 1885, and was given in for assessment by Mr. Nunn as agent.

There are two points presented by plaintiff in error in the brief of counsel:

First, that the removal of plaintiff in error as agent of the company, and the demand of the property of the company (called supplies) were made at one and the same time; that the only removal proved was the demand of the supplies.

As applicable to this point H. E. Palmer testified to the effect that on the 21st day of May (or April), 1887, he removed Mr. Nunn as agent and appointed another agent as his successor. He further stated, "I recollect of calling at the office for them (the articles replevied) in the morning and Mr. Nunn saying he wouldn't deliver them without his bond." He was not cross-examined upon this point. Mr. Nunn, testifying in his own behalf, stated as follows:

Q. Do you remember the occasion of Mr. Palmer coming to your office and demanding the supplies of the Home Insurance Company?

A. Yes, sir.

Q. You may state what offer he made to you, if any, in reference to receipting to you for your bond to the company?

A. Mr. Palmer said to me, after I had asked him if he had my bond, after he had told me that he had it not, and after I told him that I wanted my bond, that he would give me a receipt against the bond and I told him I preferred having the bond.

From the above it appears that at the time of this interview between Palmer and Nunn, it was understood by Mr. Nunn that he was no longer the agent of the company. He did not base his refusal to deliver up the property upon the ground that he was still the agent of the company but solely upon the ground that the company was in possession of his bond.

Second—That at the time the demand was made for the supplies there were $19.30 taxes standing against the Home Insurance Company due and unpaid for the year 1886; that the said taxes were paid by the company after the commencement of this action, and at the time of the demand by H. E. Palmer for said property Henry Nunn was personally liable for said taxes under the statute cited.

Section 38 of chapter 77, Comp. Stats., provides that "each and every insurance company transacting business in this state shall be taxed upon the excess of premiums received over losses and ordinary expenses incurred within the state, previous to the year of listing in the county where the agent conducts the business, properly proportioned by the company at the same rate that all other personal property is taxed, and the agent shall render the list and be personally liable for the tax."

Section 140 provides that "when property is assessed to any person as agent for another, or in a representative capacity, such person shall have a lien upon such property, or any property of his principal in his possession, until he is indemnified against the payment thereof, or, if he has paid the tax, until he is reimbursed for such payment."

Doubtless the facts bring this case within the principle and reason of the law, if not within its letter. But it is

apparent that at the demand and refusal the plaintiff in error did not rely upon his lien upon said goods as an indemnity against his liability for the taxes thereon, but based his refusal solely upon the outstanding bond. In Phillips on Evidence, vol. 3, p. 541; the author says: "A demand and refusal is only evidence of a conversion; before it is entitled to any right whatever it must be proved that the party making the refusal had it in his power to deliver up the articles demanded. And a mere qualified refusal, if the grounds for not delivering the property are reasonable, will not amount to a conversion.    *    *    * But where the defendant is proved to be in possession of the plaintiff's goods, and on their being demanded gives an unqualified refusal, he will be guilty of a tortious conversion, unless he can establish an adverse right to the immediate possession." Although the author is here speaking of trover, what he says is equally applicable to replevin, and was so held in the case of *Cole v. W., St. L. & P. Ry. Co.*, 21 Mo. App. Rep., 443.

In the case at bar the refusal was not unqualified; but the only claim by which it was qualified was one other than that relied upon at the trial, and in this court, so far as the claim of defendant (plaintiff in error) that he had a lien upon the property for his indemnity against his liability for taxes is concerned, his refusal to deliver the property on demand was unqualified.

The claim that defendant was entitled to hold the said property until his bond was returned and delivered up to him, which he made at the time of the demand, was untenable and is not presented or relied on in the brief of counsel.

The judgment of the district court is

AFFIRMED.

THE other judges concur.